UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE SMART,<br><br>             Plaintiff,<br><br>      v.<br><br>CALIFORNIA HIGHWAY PATROL, *et al.*,<br><br>             Defendants. | Case No.  2:17-cv-01075-TLN-JDP<br><br>ORDER DENYING DEFENDANTS' MOTION TO QUASH<br><br>ECF No. 60<br><br>ORDER MODIFYING SUBPOENA |

In this discovery dispute, the parties agree on two core legal issues.  First, a therapist-patient privilege exists and may be asserted.  Second, such privilege is waived when records are submitted to a third party for the application of benefits.  Uncertainty remains, however, about the specific records possessed by the subpoenaed third party.  Defendants bring this motion to quash as a protective measure against that uncertainty.

**Background**

On October 6, 2020, plaintiff subpoenaed a third party, the California Public Employees' Retirement System ("CalPERS"),[1] for the following:

---

[1] CalPERS is an agency that manages pension and health benefits for California public employees, retirees, and their families.

1

1. Any and all applications, statements, questionnaires, notices, requests for benefits, correspondence, or documents of any kind related to any request for disability or retirement benefits, Long Term Care, or Long Term Disability (LTD) claims or benefits, submitted by or in relation to California Highway Patrol (CHP) officer Paul Brian Shadwell.

2. Please produce a blank copy of any and all forms in effect from January 1, 2016, to the present that were required to be completed to obtain Long Term Disability Benefits, long term care benefits, or Disability Retirement benefits.

3. Any and all DOCUMENTS in effect from January 1, 2016, to the present, concerning instructions or directions for applying for disability benefits, disability retirement, long term care, or Long Term Disability Benefits.

4. Any and all DOCUMENTS regarding any and all Long Term Disability or disability retirement booklets, pamphlets, benefit statements, evidences of coverage, summaries of available benefits, and other materials describing the disability retirement or Long Term Disability benefits from January 1, 2016, to the present.

5. Any and all DOCUMENTS regarding Paul Brian Shadwell's alleged disability at any time from January 1, 2015, to the present, including, but not limited to, medical records, mental health records, worker's compensation claims, insurance claims, PORAC claims, and/or disability claims, benefits applications, employee statements, employer statements, and any and all responses or oppositions to those claims from the State of California and/or the California Highway Patrol.

6. Any and all DOCUMENTS relating to Paul Brian Shadwell's fitness for duty at any time, including, but not limited to, medical records, mental health records, and all documents related to any fitness for duty exam or affirmation.

7. Complete DOCUMENTS regarding any psychiatric, psychological, psychotherapeutic, or mental health treatment, counseling, therapy, assessment, or evaluation of Paul Brian Shadwell from January 1, 2004, to the present.

8. Complete DOCUMENTS regarding any psychiatric, psychological, psychotherapeutic, or mental health treatment, counseling, therapy, assessment, or evaluation of Paul Brian Shadwell that concerns, relates to, or mentions any of his officer-involved shootings.

ECF No. 60 at 16-17.² Defendants now seek to quash this subpoena on the grounds that it requests privileged documents. *Id.* at 2. Plaintiff has responded in opposition, ECF No. 68, and defendants have replied, ECF No. 70. The court heard argument on February 25, 2021; the matter is ripe for review.

**Discussion**

To assess whether a motion to quash is warranted, I consider the appropriate scope of the motion, the asserted privilege, and waiver.

A subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iii). Generally, "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." (quoting Charles Wright & Arthur Miller, 9A Federal Practice & Procedure, § 2459 (3d ed. 2008))). Here, defendants have standing to assert Officer Shadwell's privilege, but not to raise relevancy-based objections to breadth.³

Therapy records are privileged and protected from disclosure. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) ("[W]e hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."). However, this testimonial privilege is waived when records are submitted to a third party to apply for benefits. *See, e.g.*, J.M. v. City of Milwaukee, No. 16-CV-507-JPS, 2016 U.S. Dist. LEXIS 173562, at *8-

---

² Defendants originally sought to quash four subpoenas. ECF No. 60. However, as plaintiff points out in opposition, the only entity that has not responded to the subpoenas is CalPERS. ECF No. 68.

³ The parties agree that any documents disclosed would be subject to the parties' existing protective order. ECF No. 23.

9 (E.D. Wis. Dec. 15, 2016) ("Manney knowingly disclosed his healthcare information, including communications potentially protected by the psychotherapist-patient privilege, to a third-party, ERS[; t]his surrendered the privilege and opened the door to the plaintiffs to obtain the disability claim file."). During argument, the parties agreed that Officer Shadwell waived any applicable therapist patient privilege when he disclosed records to a third party as part of an application for benefits. However, defendants' counsel raised concerns that they did not know what documents CalPERS possessed. Counsel for both parties agreed that if privilege were not waived, then disclosure would not be appropriate. Thus, disclosure obligations for Officer Shadwell's therapy records are limited to anything attached to or submitted in conjunction with an application for benefits. Although it seems unlikely that CalPERS possesses records that continue to be protected under Offer Shadwell's privilege, the subpoena will be modified to address the parties' uncertainty over what responsive documents CalPERS actually possesses. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Accordingly, it is hereby ordered that:

1. Defendants' motion to quash, ECF No. 60, is denied.
2. CalPERS must respond in full to plaintiff's subpoena, except that CalPERS shall not produce any records of treatment or diagnosis of Officer Shadwell by a therapist unless such records were attached to or submitted in conjunction with Officer Shadwell's application(s) for benefits.

IT IS SO ORDERED.

Dated: __April 19, 2021__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4