UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE SMART, | No.  2:17-cv-01075-DAD-JDP |
| Plaintiff, | |
| v. | TENTATIVE PRETRIAL ORDER |
| CALIFORNIA HIGHWAY PATROL, et al. | |
| Defendants. | |

On June 6, 2023, the court conducted a final pretrial conference in this case.  Attorneys Julia Sherwin and Michael Haddad appeared as counsel for plaintiff; Deputy Attorney Generals Amie Bears and Jamil Ghannam appeared as counsel for defendants.  Having considered the parties' joint pretrial statement and the views of the parties as expressed at the conference, the court issues this tentative pretrial order.

Plaintiff brings this civil rights/wrongful death case arising from defendant Officer Paul Shadwell's shooting of Daniel Shaham on June 4, 2016, resulting in Mr. Shaham's death. Plaintiff's claims arise under both federal and state law.

I.      JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1367.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

1

II.      JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.     UNDISPUTED FACTS

1.      This case involves the fatal shooting of 31-year-old Daniel Shaham on June 4, 2016 by defendant California Highway Patrol ("CHP") Officer Paul Shadwell.

2.      Officer Shadwell was conducting a traffic stop on I-5 in Siskiyou County when he was informed of a suspicious adult male, later identified as Daniel Shaham, on the overpass on Louie Road appearing to attempt suicide.

3.      Officer Shadwell arrived at the scene, parked behind Mr. Shaham, and briefly spoke to Mr. Shaham.

4.      Because Mr. Shaham had not broken any laws and did not appear to be in distress, Officer Shadwell returned to his patrol car to leave and Mr. Shaham returned to his car.

5.      While sitting in his patrol car, Officer Shadwell reviewed the computer-aided dispatch report and noticed that Mr. Shaham had actually been standing on the wrong side of the overcrossing rail.

6.      Officer Shadwell reapproached Mr. Shaham at his closed front passenger-side window and saw him holding a pocketknife in his right hand while partially opening and closing the blade with his thumb.

7.      Officer Shadwell told Mr. Shaham to put the knife away through the closed window but did not know if Mr. Shaham heard him.

8.      Mr. Shaham opened the driver's side door and stepped out of the vehicle.

9.      Officer Shadwell pointed his gun at Mr. Shaham as Mr. Shaham started to get out of his vehicle.

10.     Officer Shadwell told Mr. Shaham to drop the knife.  Mr. Shaham failed to drop the knife, but instead made four slow-moving sideways steps from the driver's side door of his car toward the back of his car.

/////

/////

2

11.     When Mr. Shaham got to the back of the car, Officer Shadwell then fired four consecutive shots at Mr. Shaham, hitting him twice in the chest, in the side of his right leg, and in his back.

12.     The shooting was recorded on the dash camera video from Officer Shadwell's patrol car, without sound.

IV.     DISPUTED FACTUAL ISSUES

1.     Whether decedent engaged in conduct that a reasonable officer would conclude posed an immediate threat of death or serious bodily injury to another person at the time defendant Shadwell fired each gunshot at decedent.

2.     The factual basis, circumstances, and reasonableness of defendant Shadwell's decision to use force against decedent.

3.     Whether defendant Shadwell violated decedent's Fourth Amendment right to be free from the use of objectively unreasonable deadly force.

4.     Whether defendant Shadwell violated plaintiff's Fourteenth Amendment right to familial association with her son by causing his death in a manner that shocks the conscience either by his deliberate indifference or by his conduct with no legitimate law enforcement purpose.

5.     Whether defendant Shadwell's conduct and tactics violated generally accepted law enforcement training, standards, and policies that applied to the present situation.

6.     Whether defendant Shadwell had reasonable alternatives to using deadly force.

7.     Whether defendant Shadwell interfered with decedent's rights with reckless disregard or by conduct that constituted threat, intimidation, or coercion in violation of the Bane Act, California Civil Code § 52.1.

8.     Whether defendant Shadwell's conduct subjects him to liability for battery under California law.

9.     Whether defendant Shadwell's conduct subjects him to liability for negligence under California law.

/////

10.     Whether defendant CHP, through its employee, defendant Shadwell, wrongfully arrested, seized, and shot decedent because defendant Shadwell misperceived the effects of decedent's disability as criminal activity, in violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").

11.     Whether defendant CHP, through its employee, defendant Shadwell, was or should have been on notice of decedent's disability and need for accommodation in the course of seizure and arrest, causing decedent to suffer greater injury or indignity in that process than other arrestees, in violation of the ADA and RA.

12.     The nature and extent of decedent's and plaintiff's claimed injuries.

13.     The amount of plaintiff's damages.

14.     Whether defendant Shadwell's conduct subjects him to punitive damages.

15.     The amount of any punitive damages against defendant Shadwell.

16.     Whether Daniel Shaham was a qualified individual under the ADA/RA.

V.     <u>DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE</u>

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  The parties anticipate filing the motions *in limine* below.  Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

1.     To exclude any evidence, references to evidence, testimony, comment, or argument from defendants' police practices expert, Clarence Chapman, concerning "human factors" or a claimed "reactionary gap" or "perception lag" as speculative and beyond Mr. Chapman's qualifications.

/////

4

2. To exclude any evidence, references to evidence, testimony, comment, or argument from defendants' police practices expert, Clarence Chapman, concerning his opinion that Officer Shadwell's use of deadly force "was objectively reasonable."

3. To exclude any evidence, references to evidence, testimony, comment, or argument from defendants and their experts concerning any alleged investigation of, or misconduct by, plaintiff's police practices expert, John "Jack" Ryan, while he was employed by the Providence, Rhode Island Police Department over 25 years ago.

4. At least two hours per side of attorney *voir dire*.

Defendants' Motions *in Limine*

1. To exclude any evidence, references to evidence, testimony, comment, speculation, conjecture, or argument as to decedent's mental state or supposed inability to respond to a figure of authority such as a police officer at the time of the incident.

2. To exclude any evidence, references to evidence, testimony, comment, speculation, conjecture, or argument concerning non-relevant or prejudicial personal or personnel information about Officer Shadwell.

3. To exclude any evidence, references to evidence, testimony, comment, speculation, conjecture, or argument concerning subsequent incidents involving use of force with respect to Officer Shadwell.

4. To exclude any expert testimony that is based on speculation or otherwise not helpful to the jury under Evidence Code 702.

5. Defendants reserve the right to file any and all additional motions *in limine* as appropriate.

VI.   SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the parties provided special factual information that pertains to this action.[1]

---

[1] As discussed at the final pretrial conference, in their objections to this tentative pretrial order, the parties are directed to revise their lists of disputed and undisputed facts to include the facts provided by the parties in their joint pretrial statement under the heading of special factual information that the parties, and to do so in a manner consistent with Local Rule 281(b)(6).

VII.   RELIEF SOUGHT

1.      Plaintiff seeks all damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code §§ 52 and 52.1, including damages for: (a) loss of support and familial relationship, including loss of love, companionship, comfort, affection, society, services, solace, and moral support (non-economic damages); (b) Daniel Shaham's loss of life, pursuant to federal civil rights law; and (c) Daniel Shaham's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law.

2.      Plaintiff seeks punitive damages against defendant Shadwell under 42 U.S.C. § 1983 and California law.

3.      Plaintiff seeks up to three times the amount of actual damages under California Civil Code §§ 52.1 (c) and 52 (a).

4.      Plaintiff seeks attorneys' fees and costs allowable under federal law on her 42 U.S.C. §§ 1983 and 1988 claims, on the ADA/RA claims under 42 U.S.C. § 12132 and 28 C.F.R. §35, *et seq.*, 29 U.S.C. § 794, *et seq.*; and on her Bane Act and state law claims under California Civil Code § 52.1, and California Code of Civil Procedure § 1021.5, including an appropriate enhancement of attorneys' fees under state law.

VIII.   POINTS OF LAW[2]

The claims and defenses asserted in this action arise under both federal and state law.  All of plaintiff's claims, except her ADA/RA claim, are brought against defendant Shadwell.  Her ADA/RA claim is brought against defendant CHP.

1.      The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for excessive use of force in violation of the Fourth Amendment.

2.      The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for loss of familial relationships in violation of the First and Fourteenth Amendments.

---

[2]  In its objections to this tentative pretrial order, defendants are directed to specify which affirmative defenses listed in their answer to the complaint are properly identified as points of law remaining for trial.  Affirmative defenses not explicitly asserted in the pretrial order under points of law at the time it becomes final will be dismissed and deemed waived.

3. The elements of, standards for, and burden of proof in a claim brought under the Bane Act, California Civil Code § 52.1.

4. The elements of, standards for, and burden of proof in a negligence claim.

5. The elements of, standards for, and burden of proof in an assault and battery claim.

6. The elements of, standards for, and burden of proof in a claim brought under Title II of the ADA and the RA.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.   ABANDONED ISSUES

1. Defendants' twenty-seven affirmative defenses asserted in their answer to the complaint.

2. Plaintiff's Fourth Amendment claim to the extent that it is based on an unreasonable search and seizure.

X.   WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendants' witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of

7

the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

(1)     The witness could not reasonably have been discovered prior to the discovery cutoff;

(2)     The court and opposing parties were promptly notified upon discovery of the witness;

(3)     If time permitted, the party proffered the witness for deposition; and

(4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.     <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Plaintiff's exhibits are listed in **Attachment C**.  Defendant's exhibits are listed in **Attachment D**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

/////

A.   The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

   (1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

   (2)   The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

B.   Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

   (1)   The exhibits could not reasonably have been discovered earlier;

   (2)   The court and the opposing parties were promptly informed of their existence;

   (3)   The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.   DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.   Defendants' Responses to Plaintiff's Interrogatories, Set One, dated November 9, 2020.

2.   Defendant Shadwell's Responses to Plaintiff's Interrogatories, Set Two, dated July 22, 2021.

3.   Defendants' documents produced in discovery.

4.   Depositions of witnesses unavailable for trial or by stipulation.

9

1          5.      Plaintiff reserves the right to offer any portion of defendants' and defendants'

2          agents and/or experts' depositions as party admissions and any and all depositions

3          for impeachment.

4   **XIII.**   **FURTHER DISCOVERY OR MOTIONS**

5          None.  Discovery and law and motion are closed under the scheduling order issued in this

6   case.

7   **XIV.**   **STIPULATIONS**

8          1.      At all material times, Officer Shadwell was employed by the CHP and was acting

9   within the course and scope of that employment.

10          2.      At all material times, Officer Shadwell acted under color of state law.

11          3.      At all material times, the CHP was a public entity providing services, benefits, and

12   programs and receiving federal financial assistance pursuant to Title II of the ADA and § 504 of

13   the RA.

14          4.      The folding knife that Daniel Shaham had been holding was found on the ground,

15   closed, at some point after the shooting.

16          5.      All parties will produce their party-witnesses for trial without subpoenas, with one

17   day notice from another party.

18          6.      Defendants will produce all current CHP witnesses who were deposed in this

19   matter, upon two days' notice at trial.

20          7.      The parties stipulate to the use of a written juror questionnaire.[3]

21          8.      To save time and avoid incurring unnecessary expense, the parties stipulate that

22   documents produced by the parties in this litigation are authentic under Federal Rule of Evidence

23   901.

24          9.      The parties stipulate that all documents created by or that are official records of the

25   CHP, such as records of the investigation of this matter, CHP policies and training, and personnel

26

27      [3]  As discussed at the final pretrial conference, the court will make the determination as to

28   whether a jury questionnaire will be employed for purposes of jury selection in this case in ruling upon the parties' motions *in limine*.

records of Officer Shadwell, produced by the Defendants during discovery, if offered by Plaintiff, are non-hearsay party admissions, or public records or business records under Fed. Rule Evid. 803(6) through (8).  The parties stipulate that all documents authored by plaintiff are non-hearsay party admissions if offered by defendants.  All other objections to such records would be preserved for trial.

10.     Given the sensitive nature of the issues presented, and the many issues the jury will be required to resolve, the parties jointly request two hours per side of attorney *voir dire*, with plaintiff constituting one side and all defendants constituting one side.[4]

## XV.    AMENDMENTS/DISMISSALS

None.

## XVI.   SETTLEMENT

On September 24, 2020, the parties participated in an unsuccessful settlement conference with Magistrate Judge Edmund F. Brennan.  On June 16, 2023, the parties are scheduled to participate in a mediation with Hon. Joe Hilberman (Ret.).  No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

## XVII.  JOINT STATEMENT OF THE CASE

The parties have not provided an agreed-upon neutral statement of the case as required by the Standing Order (Doc. No. 86.)  The parties shall meet and confer and file a joint neutral statement of the case within **fourteen (14) days** from the date of entry of this order.

## XVIII. SEPARATE TRIAL OF ISSUES

None.

## XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

---

[4]  As also discussed at the final pretrial conference, the undersigned's practice is to allow 15 minutes per side for supplemental *voir dire*.  The court will make the determination as to whether additional time for this purpose should be provided in this case and, if so, how much time should properly be allotted to each side.  The court will make this determination in ruling upon the parties' motions *in limine*.

XX.    ATTORNEYS' FEES

Plaintiff will seek attorneys' fees and costs if she prevails.  The parties agree and request that any motion for attorneys' fees will be due 45 days after the court resolves any post-trial motions or after the deadline for filing post-trial motions, whichever is later.

XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

XXII.  MISCELLANEOUS

None.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is scheduled for **August 21, 2023, at 9:00 a.m.** in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last nine court days.  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to call Pete Buzo, courtroom deputy, at (916) 930-4016, one week prior to trial to ascertain the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit

12

1 an alternative proposed instruction on the issue or identify which of his or her own proposed

2 instructions covers the subject.

3 XXV.  <u>TRIAL BRIEFS</u>

4 As noted above, trial briefs are due **7 days before trial**.

5 XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

6 Each party is granted **14 days from the date of this order** to file objections to the same.

7 Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no

8 objections are filed, the order will become final without further order of this court.

9 The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

10 Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

11 action and shall be modified only to prevent manifest injustice.

12 IT IS SO ORDERED.

13 Dated:   __**June 9, 2023**__                        _____

14                                                          UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

Plaintiff's Witness List

1.   Plaintiff Denise Smart, M.D.

2.   Defendant Officer Paul Shadwell

3.   Detective Celeste Fowler

4.   Sergeant Peter Roach

5.   Officer Robert Tommila

6.   Officer Trenton Willits

7.   Officer Joshua Willmet

8.   Officer Andrew Bronson

9.   David Smart

10.   Laura Shaham

11.   Yaelle Shaham

12.   Elaine Smart

13.   Christine Bouckart

14.   Phil Stepanyc

15.   Greg Smith

16.   Kyle Kerlan

17.   Patrick O'Rourke

18.   Emily Thomas

19.   James N. Olson

20.   B.L. Posey

21.   Miguel Fraguela

22.   Janak Mehtani, M.D.

23.   Bennet Omalu, M.D. (expert)

24.   Jack Ryan (expert)

25.   Paul Endo (expert)

**ATTACHMENT B**

Defendants' Witness List

1.      Clarence Chapman (expert)

2.      Officer Paul Shadwell

3.      Sergeant Peter Roach

**ATTACHMENT C**

Plaintiff's Exhibit List

1.     Officer Shadwell's Dash Cam Video: [CHP 000886.Dash Cam.FIRST CONTACT]

2.     Officer Shadwell's Dash Cam Video: [CHP 000887.Dash Cam.SHOOTING]

3.     Officer Shadwell's Dash Cam Video: [CHP 000888.Dash Cam.FIRST AID]

4.     Expert Paul Endo's enhanced Dash Cam Video Shooting Excerpt (color)

5.     Expert Paul Endo's enhanced Dash Cam Video Shooting Excerpt (grayscale)

6.     Expert Paul Endo's Frame by Frame PDF of Dash Cam Video Shooting Excerpt

7.     Expert Paul Endo's enhanced Dash Cam Video Shooting and Post-Shooting Excerpt (sped-up version)

8.     Screenshots from dash cam video (Shadwell Dep. Ex. 4)

9.     Screenshots from dash cam video (Shadwell Dep. Ex. 5)

10.    Scene Photos

11.    Photo of knife's measurement (Chapman Dep. Ex. 2)

12.    CAD report (CHP 227-247)

13.    Defendant Shadwell's interview transcript (CHP 34-66)

14.    Defendant Shadwell's interview recording

15.    CHP's OIS Incident Reconstruction Report (CHP 1-33; Roach Dep. Ex. 19)

16.    CHP Multidisciplinary Accident Investigation Team ("MAIT") supplemental report (CHP 90-104)

17.    Scene Diagram (CHP 83-85)

18.    Siskiyou County Sheriff's Department records (CHP 138-200)

19.    Officer Tommila's Supplemental report (CHP 291-292)

20.    Sgt. Lawson's interview transcript

21.    Officer Trenton Willits interview transcript

22.    Officer Joshua Willmett interview transcript

23.    Officer Robert Tommila's interview summary (CHP 82-83)

24. Officer Rodney Richards's interview transcript

25. Officer Jack Moser's interview transcript

26. Officer Matt Horstman's interview transcript

27. Roger Withers's interview transcript

28. Kelly Keefer's interview transcript

29. Jack McDonald's interview transcript

30. Siskiyou Daily News article re: Officer Shadwell's son's stabbing (Shadwell Dep., Ex. 8)

31. Sheri Shadwell's Siskiyou County Superior Court records

32. California Commission on Peace Officer Standards and Training (POST) Learning Domain 20, Use of Force, Version Two, published 1998; revised February 2006, (cover page, copyright, and pp. 3-1 - 6-20)

33. California Commission on Peace Officer Standards and Training (POST) Learning Domain 21, Patrol Techniques, Version Two, published February 2000 (cover page, copyright, and pp. 1-21 - 1-26)

34. California Commission on Peace Officer Standards and Training (POST) Learning Domain 35, Firearms/Chemical Weapons Version 2.5; published 1999, Revised July 2005 (cover page, copyright, and pp. 1-1 – 1-4)

35. California Commission on Peace Officer Standards and Training (POST) Learning Domain 37, People with Disabilities, Version Six, published 1999; Revised January 2006 (cover page, copyright, and pp. 4-1 – 4-28)

36. CHP's Use of Force policy (CHP 1257-1267)

37. CHP's Stopping the Violator and Controlling Enforcement Stops policy HPM 70.6 (CHP 1247-1251)

38. CHP's Apprehension of the Traffic Violator policy (CHP 1229 – 1246)

39. CHP's Use of Mobile Video/Audio Recording Systems, General Order 100.61 (Shadwell Dep, Ex. 2)

40. CHP's Discharge of Firearms policy (CHP 1205-1218)

17

41.   CHP's Arrest Policies (CHP 1158-1204)

42.   CHP's Emergency Medical Report (CHP 296-301)

43.   Cal Fire report (CHP 293-295)

44.   Mount Shasta Ambulance Service records

45.   Marin General Hospital records

46.   Alta Bates Medical Center records

47.   Janak Mehtani, M.D. records

48.   Miguel Fraguela, M.D. records

49.   Jack Ryan's Expert Report and Curriculum Vitae

50.   Jack Ryan's Screenshots from his Expert Report

51.   Bennet Omalu, M.D.'s Expert Report and Curriculum Vitae

52.   Paul Endo's Expert Report and Curriculum Vitae

53.   Clarence Chapman's Expert Report and Curriculum Vitae

54.   Autopsy and toxicology reports (CHP  192-201)

55.   Daniel Shaham's Death Certificate

56.   Autopsy photos (CHP 805-833)

57.   Supplemental Security Income approval letter (PLF 201)

58.   Daniel Shaham's drawings and art work (PLF 36-198)

59.   Daniel Shaham's cards and letters

60.   Daniel Shaham's To-Do List (PLF 199)

61.   Family Photos (PLF 00001 - 35)

62.   Shadwell's Transparent California salary info

63.   Defendant Shadwell's financial records (Shadwell 1-328)

64.   Defendant Shadwell's CALPERS records

65.   Defendant Paul Shadwell's Responses to Plaintiff's Interrogatories (Set One) (Dated November 9, 2020)

66.   Defendant Paul Shadwell's Responses to Plaintiff's Interrogatories (Set Two) (Dated July 22, 2021)

67.     Defendant Paul Shadwell's supplemental responses to interrogatories

68.     Defendant Paul Shadwell's supplemental responses to requests for production of

documents

**ATTACHMENT D**

Defendants' Exhibit List

1.      MVARS of subject incident